**Leticia Malatag FIGER, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–76448.

United States Court of Appeals, Ninth Circuit.

Submitted March 12, 2007 *.

Filed March 16, 2007.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ashwani K. Bhakhri, Esq., Law Offices of Ashwani K. Bhakhri, Burlingame, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Natashia Tidwell, U.S. Department of Justice, Criminal Division/Fraud Section, Washington, DC, for Respondent.

Before: KOZINSKI, LEAVY, and BYBEE, Circuit Judges.

## MEMORANDUM **

Leticia Malatag Figer, a native and citizen of the Philippines, petitions for review of the order of the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's denial of her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

We dismiss for lack of jurisdiction Figer's claim that she is eligible for asylum on humanitarian grounds, because she did not exhaust this claim before the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004).

We have jurisdiction under 8 U.S.C. § 1252 over the remaining claims. We review for substantial evidence, and may reverse only if the evidence compels a contrary conclusion. *See INS v. Elias-*

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*Zacarias,* 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition for review.

█ Because the problems that Figer experienced with her son did not rise to the level of persecution, *see Hoxha v. Ashcroft,* 319 F.3d 1179, 1182 (9th Cir.2003), and because Figer failed to establish a nexus to a protected ground, *see Sangha v. INS,* 103 F.3d 1482, 1488–91 (9th Cir. 1997), substantial evidence supports the BIA's finding that Figer did not suffer past persecution.

█ Furthermore, Figer's fear of harm if she returns to the Philippines is speculative. The record does not compel the conclusion that her fear of future persecution is objectively reasonable, and substantial evidence supports the BIA's conclusion that Figer failed to establish a well-founded fear of future persecution. *See Gu v. Gonzales,* 454 F.3d 1014, 1022 (9th Cir. 2006).

█ Because Figer failed to meet her burden for asylum, she necessarily did not satisfy the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir. 2003).

█ Substantial evidence also supports the BIA's conclusion that Figer has not shown that it is more likely than not that she would be tortured if she returns to the Philippines. *See Zhang v. Ashcroft,* 388 F.3d 713, 721–22 (9th Cir.2004).

**PETITION FOR REVIEW DISMISSED in part; and DENIED in part.**